# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nhan Thanh Dang, | No. CV-26-00082-TUC-JCH (MAA) |
| Petitioner, | **ORDER** |
| v. | |
| Christopher McGregor, et al., | |
| Respondents. | |

The Court has reviewed Petitioner's Petition for Writ of Habeas Corpus under § 2241 and Motion for Ex Parte Temporary Restraining Order. The Court grants a Temporary Restraining Order without notice.

The crux of Petitioner's allegations are as follows: Petitioner is a native and citizen of Vietnam who was ordered removed on April 13, 2010. Following his release from incarceration, Petitioner was held in immigration detention and was released on an Order of Supervision ("OSUP") on November 19, 2010. Petitioner was informed he must report to the Tucson ICE office in person on February 11, 2026 and was advised by email that he is likely to be taken into custody at that time. Petitioner argues he is entitled to notice and an opportunity to respond prior to being redetained and seeks a temporary restraining order enjoining his redetention until he has received notice and an opportunity to respond.

A party seeking a TRO must show: (1) that he is substantially likely to succeed on the merits; (2) that he will suffer irreparable injury if the court denies the requested relief; (3) that his threatened injury without the restraining order outweighs the opposing party's

under it; and (4) that the requested relief is not adverse to the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The third and fourth factors "merge" when the government is the party opposing injunctive relief. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order (TRO) may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added). Petitioner attaches a letter from Petitioner's counsel to counsel for Respondents providing notice of the forthcoming Petition and TRO.

The Petition contends notice of less than 48 hours is a violation of due process, particularly in light of Petitioner's recent cancer surgery, his consistent compliance with his OSUP over the past fifteen years, and the fact that Vietnam has long refused to accept Vietnamese nationals who came to the United States before 1995. The Court agrees. *See Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023) ("ICE's decision to re-detain a non-citizen...who has been granted supervised release is governed by ICE's own regulations requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.") (citing 8 C.F.R. § 241.13(i)(2)). Thus, the Court finds it necessary and appropriate to issue a temporary restraining order enjoining Respondents from taking Petitioner into custody because the evidence creates a serious question of whether individualized "changed circumstances" exist as to Petitioner such that his removal is significantly likely to occur in the reasonably foreseeable future. Petitioner's allegations also establish a strong probability of serious irreparable harm if he is detained following his recent cancer diagnosis and surgery. Ultimately, the balance of hardships tips sharply

in Petitioner's favor.  A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and Motion for Preliminary Injunction and will facilitate a considered review of the parties' arguments by the Court.

Accordingly,

**IT IS THEREFORE ORDERED** Petitioner's Motion for an Emergency Temporary Restraining Order without notice is **GRANTED**.  Respondents are enjoined from detaining **Nhan Thanh Dang** pending further order of this Court.  Petitioner's request for a Preliminary Injunction remains pending.

**IT IS FURTHER ORDERED** the Clerk of Court must immediately transmit by email a copy of this Order and a copy of Petitioner's Petition and Motion to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at theo.nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

**IT IS FURTHER ORDERED** Counsel for Petitioner must immediately serve the Petition, Motion, and this Order upon Counsel for Respondents.

**IT IS FURTHER ORDERED** Counsel for Respondents must file a response to the Petition and Motion for Preliminary Injunction no later than Tuesday, February 17, 2026. Petitioner may file a Reply no later than Friday, February 20, 2026.

**IT IS FURTHER ORDERED** Counsel for Respondents must file a Notice of Compliance no later than 5:00 p.m. on Wednesday, February 11, 2026, confirming Petitioner was not detained.

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 65(b)(2) that unless extended, the temporary restraining order, which was issued at on February 10, 2026, at 5:00 p.m., shall expire at 5:00 p.m. on February 24, 2026.

///

///

**IT IS FURTHER ORDERED** Respondents must **immediately** confirm receipt of the Petition and TRO sent by email from the Court.

Dated this 10th day of February, 2026.

John C. Hinderaker
United States District Judge