# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nhan Thanh Dang,<br>　　　　Petitioner,<br>v.<br>Christopher McGregor, et al.,<br>　　　　Respondents. | No. CV-26-00082-TUC-JCH (MAA)<br>**ORDER** |

In this action brought under 28 U.S.C. § 2241, the Court entered a Temporary Restraining Order on February 10, 2026, enjoining Respondents from detaining Petitioner pending further order of the Court. (Doc. 5.) Respondents move for an extension of time to respond to the Petition and Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 8.) Although Respondents do not establish good cause for the extension of time—counsel avers Petitioner's deportation officer was "out" on Friday February 13, 2026, and Monday February 16, 2026, but this does not explain why the response was unable to be prepared by the February 17, 2026 deadline—the Court will nonetheless grant the extension. Respondents' responses are due on Thursday February 19, 2026, and Petitioner's reply is due Monday February 23, 2026.

The Temporary Restraining Order (TRO) issued on February 10, 2026, is set to expire on February 24, 2026, at 5:00 p.m. Because Respondents require additional time to respond, the Court finds good cause to extend the TRO for the same reasons articulated in the Court's February 10, 2026 Order issuing the TRO. (Doc. 5). In the absence of

temporary injunctive relief, Petitioner is at risk of serious irreparable harm if he is detained following his recent cancer diagnosis and surgery. The balance of equities remains in Petitioner's favor, and Respondents will face little, if any, injury from extending the temporary relief through the Court's decision on the preliminary injunction.[1] *See S.E.C. V. Unifund SAL*, 910 F.2d 1028, 1034 (2d. Cir. 1990) ("[N]othing in rule 65 of the Federal Rules of Civil Procedure prevents a district court from continuing a TRO while reserving decision on a motion for a preliminary injunction.").

Accordingly,

**IT IS ORDERED granting** Respondents' Motion for Extension of Time (Doc. 8). Respondents' responses are due no later than **5:00 p.m. on February 19, 2026,** and Petitioner's reply is due **February 23, 2026**.

**IT IS FURTHER ORDERED** the Temporary Restraining Order entered on February 10, 2026 is extended until **March 10, 2026**.

Dated this 18th day of February, 2026.

_____
John C. Hinderaker
United States District Judge

---

[1] Respondents' Motion for Extension states, "By presidential mandate, undersigned counsel is not authorized to agree to an extension of a TRO." (Doc. 8 at 2.) The Court reminds counsel of her obligation to the Court. *G & G Productions LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018) ("After all, we have emphasized that it 'is the duty of counsel to assist the court, as well as the client.'" (cleaned up)); *see also* Model Rules of Prof'l Conduct Preamble (2018) (reinforcing that a lawyer is "an officer of the legal system" with a "special responsibility for the quality of justice").