IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nhan Thanh Dang,<br><br>   Petitioner,<br><br>v.<br><br>Christopher McGregor, et al.,<br><br>   Respondents. | No. CV-26-00082-TUC-JCH (MAA)<br><br>**ORDER** |

   Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and a Motion for Temporary Restraining Order (TRO) seeking to enjoin his allegedly imminent immigration detention. (Docs. 1 & 2.) The Court granted a TRO enjoining Petitioner's detention and ordered briefing on Petitioner's Petition and Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 5.) The Court extended the TRO until March 10, 2026. (Doc. 9.) The Petition and Motion are fully briefed. (Docs. 10-11.) The Court will grant the Petition and enjoin Petitioner's detention.

**I. Background**

   Petitioner is a citizen of Vietnam who was ordered removed from the United States in 2010. (Doc. 1 ¶ 2.) After a brief period of immigration detention following his final order of removal, Petitioner was released on an Order of Supervision (OSUP) on November 19, 2010. (*Id.*) Petitioner was fully compliant with his OSUP for the last fifteen years, recently underwent surgery for colon cancer, and requires treatment over the next several months. (*Id.* ¶ 3.) On February 5, 2026, during a telephonic check-in with Immigration

and Customs Enforcement (ICE), Petitioner was informed he must report in person on February 11, 2026. (*Id.* ¶ 4.) Counsel for Petitioner was advised by email that Petitioner was likely to be taken into custody at that time because Petitioner is "a criminal alien with a final order of removal and the significant likelihood of his removal within the reasonably foreseeable future is present." (Doc. 2-1 at 37.) Petitioner argued his redetention under these circumstances would violate the Immigration and Nationality Act and his due process rights.

The Court entered a TRO without notice enjoining Respondents from detaining Petitioner at his February 11, 2026 appointment. The Court ordered briefing on Petitioner's Petition and Motion.

**II.     Discussion**

    **A.     Standing**

Respondents preliminarily argue that Petitioner lacks standing to bring his claims and his claims are not ripe. The Court disagrees. "To establish Article III standing, [the party] must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (internal bracket omitted). "An injury sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Id.* at 158 (quoting *Lujan*, 504 U.S. at 560). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013)). Under "[t]he related doctrine of ripeness . . . federal courts may dispose of matters that are premature for review because the [party's] purported injury is too speculative and may never occur." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

. . . .

Through counsel's email correspondence with ICE, Petitioner sufficiently demonstrates his arrest was impending prior to the issuance of the TRO and thus meets the standing requirement. Critically, in their response, Respondents never disclaim an intent to detain Petitioner while they attempt to secure a travel document to Vietnam for Petitioner. That omission is significant and does nothing to defeat the evidence Petitioner's detention was certainly impending.

### B.   Jurisdiction Stripping

Respondents also argue 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over enforcement decisions. First, § 1252(g) "does not preclude jurisdiction over the challenges to the legality of [an alien's] detention." *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023). *See also Hasan v. Crawford*, 800 F. Supp. 3d 641, 651 (E.D. Va. 2025) ("Because Hasan's custody proceedings are independent of, and collateral to, the removal process, § 1252(g) does not serve as a jurisdictional bar. Accordingly, the Court finds that it possesses jurisdiction to entertain Hasan's Petition to the extent he challenges the constitutionality of his detention.") (internal quotation marks and citation omitted). Indeed, the Supreme Court has rejected Respondents' expansive reading of § 1252(g) as covering "all claims arising from deportation proceedings" or imposing "a general jurisdictional limitation." *Dept. of Homeland Sec. v. Regents of the U. of Cal.*, 591 U.S. 1, 14 (2020) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Ninth Circuit recently reiterated this proposition, explaining a court has "jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney General's discretionary authority' . . . even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority." *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)).

Petitioner is not challenging the commencement or adjudication of removal proceedings but, rather, Respondents' compliance with their statutory and regulatory obligations under 8 C.F.R. § 241.13(i)(2). Thus, § 1252(g) does not apply.

### C. Merits

Under ICE's regulations, it is permissible for ICE to detain an alien (such as Petitioner) who was previously ordered removed from the United States and then released on an OSUP "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Respondents maintain "because ICE may revoke Petitioner's order of supervision in the exercise of discretion, Petitioner does not have a cognizable due process interest" in that decision. (Doc. 10 at 12.) But while Respondents are correct that it is within their discretion whether to pursue Petitioner's removal, under the *Accardi* doctrine, they do not have discretion whether to comply with the regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *see also* 32 C. Wright & A. Miller, Federal Practice and Procedure § 8172 (2d ed. Sept. 2025 update) (The *Accardi* doctrine is "a commonplace [rule] of administrative law that an agency must obey its own rules even if it had no obligation to create those rules in the first place."). Whether or not Respondents' decision to redetain Petitioner complies with the regulations is the crux of Petitioner's challenge.

Respondents' decision to redetain Petitioner requires (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future. See 8 C.F.R. § 241.13(i)(2); *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023).

Respondents appear to contend that because Petitioner's "travel document request is in process," that is sufficient to establish an individualized determination that his removal is significantly likely in the reasonably foreseeable future. Respondents further argue Petitioner's detention would be lawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). But the facts of this case underscore why these procedural protections are significant. As courts have explained, the process to secure a travel document from Vietnam for a pre-1995 immigrant is multilayered and lengthy, requiring interviews and verification by authorities in Vietnam.  *See generally Phan v. Becerra*, No. 2:25-CV-01757-DC-JDP, 2025 WL

1993735, *4-5 (E.D. Cal. July 16, 2025) ("Pre-1995 Vietnamese immigrants may be repatriated to Vietnam on a 'case-by-case basis.'. . . [and] Vietnam has discretion whether to issue a travel document to any individual. The petitioner's removal to Vietnam in *Hoang Tuong Nguyen* merely demonstrates that on one occasion, an individual was repatriated from the United States to Vietnam. . . . As to Respondents' assertion of a pending updated travel document request, Respondents['] intent to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future."). Petitioner came to the United States as a refugee in the 1980s. (Doc. 2-1 at 3 ¶ 1.) And based on Respondents' proffered declaration, it appears that ICE has only started the long process of attempting to obtain a travel document for Petitioner or otherwise attempting to obtain Vietnam's agreement to accept Petitioner. (Doc. 10-1 ¶¶ 13-14.) There is no indication Vietnam will approve Respondents' request to repatriate Petitioner or when that decision will be made. Because Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future, the Court will grant the Petition and enjoin Respondents from redetaining Petitioner until they have received a travel document from Vietnam. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government failed to rebut showing removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.") The Court will therefore enjoin Respondents from detaining Petitioner for the purpose of effectuating his removal order under 8 C.F.R. § 241.13(i)(2) until ICE has received a travel document from Vietnam.

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Petitioner's due process claim in Count Two. The Petition is otherwise denied as moot.

**IT IS FURTHER ORDERED** Respondents are enjoined Respondents from detaining Petitioner for the purpose of effectuating his removal order under 8 C.F.R. § 241.13(i)(2) until ICE has received a travel document from Vietnam.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 10th day of March, 2026.

John C. Hinderaker
United States District Judge